IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHEREAMORE TOELLE,

        Plaintiff,

        vs.

CLARKSON COMMUNITY CARE CENTER, INC.,

        Defendant.

**4:25CV3133**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Extend Progression Deadlines. Filing No. 31. Plaintiff moves to extend the deadlines in the Amended Final Progression Order, Filing No. 27, by sixty days. Defendant opposes Plaintiff's motion only to the extent Plaintiff is moving to extend the expert disclosure and written discovery deadlines. Filing No. 33. Defendant is unopposed to extending the remaining deadlines. The Court finds good cause for the unopposed deadline extensions. For the reasons set forth below, the Court also finds good cause to extend the expert disclosure and written discovery deadlines. Plaintiff's motion is granted.

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

The current deadline for completing expert disclosures and written discovery is February 17, 2026. Prior to these deadlines lapsing, the Court granted Plaintiff's prior attorney leave to withdraw as counsel. Filing No. 26. Plaintiff retained her current attorney to represent her on February 9, 2026. Plaintiff's attorney subsequently timely moved on her behalf to extend, in relevant part, the expert disclosure and written discovery deadlines.

The Court acknowledges Plaintiff's former attorney did not move to extend the written discovery and expert disclosure deadlines when the parties discussed extending other deadlines during the motion to withdraw hearing held February 2. However, this case is not set for trial, the written discovery and expert disclosure deadlines were unexpired when Plaintiff filed her motion, and Plaintiff is requesting a reasonable extension of the written discovery and expert disclosure deadlines for the first time. Moreover, it is reasonable to provide the attorney Plaintiff retained last week an opportunity to familiarize himself with the case prior to these deadlines closing. Under these circumstances, Plaintiff showed diligence in attempting to meet case progression deadlines, there is minimal prejudice to Defendant, and good cause exists to amend the final progression order.

Accordingly, the Court grants Plaintiff's Motion to Extend Progression Deadlines. Filing No. 31. An amended progression order will be issued.

IT IS SO ORDERED.

Dated this 18th day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

2